IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHNNY LEE WEAVER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 119-002 |
| | ) | (Formerly CR 114-030) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 6.) On January 8, 2019, the Magistrate Judge recommended dismissing the case without prejudice because Petitioner has a direct appeal pending, and no extraordinary circumstances warrant immediate review of Petitioner's current claims. (See doc. no. 3.) In his objections, Petitioner reports the Eleventh Circuit denied his appeal on January 10, 2019, and states he has instructed his attorney to discontinue any further pursuit of appellate relief. (Doc. no. 6.) Therefore, he seeks "re-instatement" of his § 2255 claims.

As the Magistrate Judge explained, "[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief." United States v. Casaran-Rivas, 311 F. App'x 269, 272 (11th Cir. 2009) (*per curiam*). Petitioner filed this § 2255 case while the

direct appeal was pending, and in fact, the appeal has not been officially closed at the Eleventh Circuit. United States v. Weaver, No. 14-15463-FF. Moreover, Petitioner drafted his § 2255 motion without the benefit of the Eleventh Circuit's legal analysis of his underlying criminal case. In the interest of judicial efficiency and giving Petitioner the benefit of raising all claims he believes he has in one, comprehensive § 2255 motion, his prematurely filed motion, which Petitioner has already attempted to supplement in piecemeal fashion, (see doc. nos. 1, 2), is due to be dismissed.

Accordingly, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **DENIES AS MOOT** the motion to add a second claim, (doc. no. 2), and **DISMISSES** without prejudice Petitioner's motion filed pursuant to 28 U.S.C. § 2255. Of course, the one-year statute of limitations for Petitioner to re-file a § 2255 motion will run in accordance with the provisions of 28 U.S.C. § 2255(f).

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has

failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1]
Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 28th day of January, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.